UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER HO,<br><br>    Plaintiff,<br><br>v.<br><br>POSTMASTER GENERAL,<br><br>    Defendant. | No. C 09-1600 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. **INTRODUCTION.**

This matter comes before the Court upon consideration of the motion for summary judgment (Doc. #19) filed by Defendant Postmaster General ("Defendant" or the "Postal Service"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the February 4, 2010 hearing date. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

## II. **STATEMENT OF FACTS.**

Plaintiff Jennifer Ho ("Ho") worked for the Postal Service as a Distribution Window Clerk at the Alameda, California, Post Office at all times relevant to her complaint. Decl. of Ray Davis ("First Davis Decl.") (Doc. #22) ¶ 3. Beginning on August 8, 2005, Ho was absent from duty. Id. ¶ 5. On August 22, 2005, Ho's supervisor, Jesse Vidal, sent Ho a letter advising her that she was Absent Without Leave (AWOL) and would be removed from employment unless she returned to work or provided acceptable documentation to justify her absence. Id. ¶¶ 4, 5. Ho did neither. Id. ¶ 5. Accordingly, on September 7, 2005, Vidal issued Ho a notice of

removal to be effective in 30 days. Id. ¶ 6. Ho was removed from employment effective October 8, 2005. Id. ¶ 7.

Since at least January 2003, there has been a poster (EEO Poster 72) in the employees break room/workroom advising employees of the time requirements and telephone number for timely filing an EEO request. Id. ¶ 8. Despite that, Ho waited until March 21, 2008, more than two years after the notice of removal, before contacting the EEO Office to complain of discrimination in her removal. Decl. of Lindy U. Hashimoto (Doc. #21) ¶ 5.

On June 16, 2008, Ho filed a formal EEO complaint. See Ex. A, attached to Decl. of Neill T. Tseng ("Tseng Decl.") (Doc. #20). The complaint was dismissed for failure to initiate contact with an EEO Counselor within 45 days of the date of removal. See Ex. B, attached to Tseng Decl. Ho appealed to the Office of Federal Operations, which affirmed the decision. See Ho v. Potter, 2008 WL 4463532, EEOC DOC 0120083281 (E.E.O.C. Sept. 25, 2008). Ho then filed a request for reconsideration, which the Office of Federal Operations denied. See Ho v. Potter, 2009 WL 507477, EEOC DOC 0520090068 (E.E.O.C. Feb 13, 2009). On April 13, 2009, Ho filed a complaint in this court. (Doc. #1.)

### III. LEGAL STANDARD.

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323.

### IV. DISCUSSION.

Ho alleges that she was discriminated against because of her sex and age. Compl. (Doc. #1) ¶ 5. When a federal employee complains of discrimination on those grounds, she must initiate contact with an EEO counselor within 45 days of the alleged discriminatory action:

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

 (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105; see also Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002).

Although the 45-day exhaustion requirement in § 1614.105 "is not a jurisdictional prerequisite for suit in federal court, [the Ninth Circuit has] consistently held that, absent waiver, estoppel, or equitable tolling, 'failure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim' in federal court." Kraus v. Presidio Trust Facilities, 572 F.3d 1039, 1043 (9th Cir. 2009) (quoting Lyons, 307 F.3d at 1105; second set of brackets and ellipsis in original). Accordingly, summary judgment should be granted against a plaintiff who fails to comply with the regulation. See Leorna v. U.S. Dept. of State, 105 F.3d 548, 551-52 (9th Cir. 1997).

The allegedly discriminatory act Ho complains of is the "wrongful[] termination of [her] job," which allegedly "occurred on or about 09-07-2005." Compl. (Doc. #1) ¶¶ 6, 7. Ho had until 45 days after that date, or October 22, 2005, to initiate contact with an EEO counselor.[1] She knew or should have known about that requirement based on EEO Poster 72, which has been posted in the employees break room/workroom since January 2003 and advises employees of the time requirements to file an EEO claim and the telephone number for EEO counseling. See First Davis Decl. ¶ 3.

In opposition, Ho filed a declaration in which she stated in part:

2. Defendant's notice of motion, claims Equal Employment Opportunity poster 72 have been in employees break room since January 2003. However, an acquired copy of Poster 72, dates September 2008.

---

[1] Even if the effective date of the removal, October 8, 2005, was used as the date of the allegedly discriminatory act, her contact would still be outside the 45-day period, which would have ended on November 22, 2005.

> 3. In an attempt to find an older copy of Poster 72, no existing copy of the 2003 copy of Poster 72 was found. A copy of Poster 72 was found which only predates to December 2005. Therefore, Poster 72 is inapplicable to the current situation, as I, the plaintiff, had laready become absent since August 2005.

Decl. of Pl. Jennifer Ho in Opp. to Def.'s Mot. Summ. J. (Doc. #28) ¶¶ 2-3.

Ho's assertion that "no existing copy of the 2003 copy of Poster 72 was found" does not rebut, or create a genuine issue of material fact regarding, the Postal Service's evidence that EEO Poster 72 has been posted in the Employees Break Room/Workroom since January 11, 2003. Ho has not declared, or submitted any evidence, showing that EEO Poster 72 has *not* been posted in the Employees Break Room/Workroom since January 11, 2003. She also does not say who looked for the poster, when that person looked, or where that person looked. Just because Ho (or someone else) could not find it does not mean it was not posted in the Employees Break Room/Workroom since January 11, 2003, or create a genuine issue of material fact.[2]

Furthermore, Defendant submitted evidence showing that there is a logical reason why a 2003 copy of EEO Poster 72 may not have been found. There is generally no reason to keep previous versions of EEO Poster 72, and therefore they may have been thrown out once newer versions were obtained. Second Decl. of Ray Davis (Doc. #31) ¶ 3. Just because previous versions may have been thrown out, however, does not change the undisputed fact that, since January 11, 2003, EEO Poster 72 has been posted in the Employees Break Room/Workroom and has advised employees of the requirements for timely filing an EEO counseling request and the telephone number to contact. First Davis Decl. ¶ 8.

The undisputed material facts show that Ho knew or should have known of the 45-day requirement based on EEO Poster 72. Because Ho did not contact an EEO counselor until March 21, 2008, well outside the 45-day window, summary judgment is granted against her.

---

[2] In addition, Ho has not shown that she has personal knowledge that a copy of Poster 72 dating before December 2005 could not be found. Therefore, the Court grants the Postal Service's motion to strike the evidence in her declaration regarding that issue under Fed. R. Evid. 602.

## V. CONCLUSION.

For the reasons set forth in this Order, summary judgment is GRANTED against Ho and in favor of the Postal Service on all claims alleged in the complaint.

**IT IS SO ORDERED.**

DATED: January 25, 2010

HON. MARIA-ELENA JAMES
United States Magistrate Judge